439 A.2d 1175

**COMMONWEALTH of Pennsylvania,**

v.

**Rodney S. BEY, Appellant.**

Superior Court of Pennsylvania.

Argued March 30, 1981.

Filed Jan. 5, 1982.

■■■■■■■■■■

Jack J. Bulkin, Philadelphia, for appellant.

Ann Lebowitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, P. J., and HESTER and JOHNSON, JJ.

JOHNSON, Judge:

This is an appeal from the judgment of sentence of March 26, 1979.

Appellant was convicted of aggravated assault,[1] robbery [2] and possession of an instrument of crime [3] on December 13, 1978, following a trial by jury. The lower court denied post verdict motions which raised, as improper, the court's admission of testimony regarding defendant's post-arrest silence. Appellant now appeals from the judgment of sentence imposing consecutive sentences of ten to twenty years for robbery and two and one-half to five years for the weapons offense.[4] For the reasons set forth herein, we affirm.

On June 17, 1978, at approximately 4:00 A.M., Harold Jackson, the victim, was en route from Gino's Restaurant, where he worked, to his home, after accompanying his employer to the train station and stopping at an amusement center on Market Street. He encountered a man who de-

1. 18 Pa.C.S.A. § 2702.

2. *Id.*, § 3701.

3. *Id.*, § 907.

4. The court merged the aggravated assault and robbery convictions for purposes of sentencing.

manded money, tapes, and ultimately, Jackson's radio. The victim gave the man all of his money, eighty cents, but refused to relinquish the radio. The same man then shot Jackson and fled. As a result of the shooting, the victim is permanently paralyzed from the waist down.

Appellant, who had been stopped and his appearance noted by police at the scene on the morning of the crime, was arrested six days later, based on the victim's description of his assailant.

Appellant raises three issues on appeal. First, he argues that the testimony by the arresting officer concerning Appellant's post-arrest silence was improperly admitted to rebut trial testimony concerning Appellant's cooperation. Second, Appellant asserts that the trial court erred in permitting the Commonwealth to elicit testimony from the victim's mother in violation of the rules of criminal procedure.[5] Third, Appellant states that he was denied effective assistance of counsel because counsel failed: (a) to raise the issue of sufficiency of the identification evidence; (b) to move to suppress information extracted at the scene on the morning of the crime from Appellant, i. e., Appellant's name and address, and a description of the clothes he was wearing on the morning of the shooting; (c) to object to the prosecution witness' reference to a photograph of Appellant as being of "the upper torso"; and (d) to raise, as violative of the attorney-client privilege, the notice of alibi defense requirement in Pa.R.Crim.P. 305 C(1)(a).

Appellant's first issue, that the admission of his post-arrest silence creates in the minds of the jurors an adverse

---

**5.** Appellant's Brief does not specify which rule he feels has been violated; however, we can assume from the surrounding text that Appellant is referring to Pa.R.Crim.P., Rule 305 D, 42 Pa.C.S.A. which states:

*Continuing Duty to Disclose*

If, prior to or during trial, either party discovers additional evidence or material previously requested or ordered to be disclosed by it, which is subject to discovery or inspection under this rule, or the identity of an additional witness or witnesses, such party shall promptly notify the opposing party or the court of the additional evidence, material or witness.

inference and thus constitutes harmful error, is contradicted by a reading of the record below. The court issued the appropriate cautionary instructions to the jury at the time of charge which carefully limited the conclusions to be drawn from the evidence regarding Appellant's post-arrest silence.[6] As was the case here, such testimony could be elicited to refute contrary statements volunteered by the defendant to demonstrate his cooperation at the time of questioning. That testimony could be, and was, used solely to impeach Appellant's trial testimony concerning his post-arrest conduct. *United States v. Allston*, 613 F.2d 609, 611 (5th Cir. 1980). In *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the Supreme Court, in distinguishing that factual situation (where the prosecution improperly referred to defendant's silence to impeach the exculpatory testimony offered at trial) from a hypothetical situation like the instant case, set out what constitutes an allowable use of Appellant's post-arrest silence:

> It goes almost without saying that the fact of post-arrest silence could be used by the prosecution to contradict a defendant who testifies to an exculpatory version of events and claims to have told the police the same version upon arrest. In that situation the fact of earlier silence would not be used to impeach the exculpatory story, but rather to challenge the defendant's testimony as to his behavior following arrest. [citation omitted]

*Id.* at 619–20 n. 11, 96 S.Ct. at 2245.

In *United States v. Fairchild*, 505 F.2d 1378 (5th Cir. 1975), which is cited by the Court in *Doyle*, the United States Court of Appeals for the Fifth Circuit held that the defend-

---

**6.** THE COURT: Ladies and gentlemen of the jury, the testimony of earlier silence on the part of the defendant, Rodney Bey, if you believe it, cannot be used to impeach the exculpatory story that Mr. Bey told on the witness stand but can be received by you for a limited purpose only, that is, to challenge the defendant's contention that he told the detectives the version of the story that he told you in the courtroom. Thus this testimony may be received by you for the limited purpose that I have indicated.

Is that acceptable, Ms. Greenlee, under the circumstances?

MS. GREENLEE: Yes, Your Honor.

ant's "*Miranda* silence was admissible for the purpose of rebutting the impression which he [the defendant] attempted to create: that he cooperated fully with the law enforcement authorities." *Id.* at 1383. Similarly, in *Allston*, where defendant, in an effort to create the impression that he had cooperated fully, voluntarily raised the issue of his post-arrest behavior, the court held that he had therefore "opened the door" to a full development of the subject. 613 F.2d at 611.

The record does not support Appellant's contention that *Commonwealth v. Easley*, 483 Pa. 337, 396 A.2d 1198 (1979), governs. In *Easley*, contrary to the facts of the current case, the prosecutor did comment adversely:

"Now, at that time does he tell the police? He has the right to remain silent. You have heard that. You know that. But he told us here he is going to tell the police the whole thing was an accident. Does he ever tell anybody that?

"Now today he does. After he has access to all these notes for five or six months."

*Id.*, 483 Pa. at 342, 396 A.2d at 1201. The court found that, in so commenting, the prosecutor was suggesting to the jury that they could infer guilt from defendant's silence. The prosecutor was not merely casting doubt on the accused's story of cooperation.

Here, Appellant Bey sought to demonstrate his cooperation by testifying that he had relayed all relevant information on his activities that night to the arresting officer. In response, the prosecution called that arresting officer and asked:

Q. Now, detective, at any time that night did the defendant tell you he had been to Cyrano's?

A. No, he did not.

Q. Did the defendant tell you that he had been at 16th and Market Street at a bar?

A. No, he did not.

Q. Did he tell you he had been to 18th and Carpenter at a disco party?

A. No, he did not.

Q. Did he tell you he had been at the penny arcade up at 13th and Market?

A. No, he did not.

Q. Did he tell you he had been at Steven Gladney's, 1008 South 17th Street?

A. No, he did not.

Q. Did he tell you that he had been at Frank Green's house on Montrose Street.

A. No, he did not.

Q. What did he tell you?

A. He chose to remain silent. That was the end of the interrogation and interview.

This is clearly permissible rebuttal testimony on the issue of cooperation.

■ Similar conclusions from different fact situations were enunciated in *Commonwealth v. Mobley*, 267 Pa.Super.Ct. 29, 405 A.2d 1287 (1979) and *Commonwealth v. Stakley*, 243 Pa.Super.Ct. 426, 365 A.2d 1298 (1976). Where defendant himself opens the door, to what otherwise might be objectionable testimony, the Commonwealth may probe further to determine the veracity of the trial statement. *See United States v. Daniels*, 617 F.2d 146 (5th Cir. 1980).

In affirming the judgment of the lower court, we hold that where the defendant himself raises the issue of cooperation following arrest, and himself volunteers that he told all to the police, the prosecution may offer the testimony of the arresting officer to rebut that testimony. Statements to the effect that the defendant did, or did not, exercise his right to remain silent are allowable provided cautionary instructions are then given to the jury regarding both the purpose for which that information has been elicited and any conclusions which may be drawn from it.

■ Appellant raises as his second issue an alleged violation of Pennsylvania's pretrial discovery procedures. At trial, without prior notice to the Appellant of the nature of the testimony to be offered, the prosecution called the

victim's mother who testified that Appellant threatened her son at the preliminary hearing.[7]

The Commonwealth is under no obligation to disclose the names of all of its witnesses to the defendant.[8] Upon request by the defendant, and at the discretion of the court, the Commonwealth may provide defendant access to the names and addresses of *eyewitnesses.*[9] Since the victim's mother was not an eyewitness, even this discretionary provision is inapplicable here.

■ Appellant also argues that the presentation of the "surprise" witness violated an informal agreement between the Philadelphia District Attorney and the Defender Association of Philadelphia. We can see no harm done to Appellant, even had he demonstrated the alleged violation. In granting a continuance, the court below permitted Appellant to obtain witnesses and to offer evidence to rebut the mother's testimony, but denied the motion for a mistrial. At the conclusion of the rebuttal testimony defense counsel stated that she was satisfied that sufficient evidence had been offered to cover the issue. Under Rule 305, had the defendant been able to show prejudice, a continuance, as was granted here, would be the proper remedy.[10] *See Commonwealth v. Bederka,* 459 Pa. 653, 658, 331 A.2d 181, 183 (1975).

**7.** Normally, what would have been raised here is the question of prejudice to defendant which resulted because of that admission. Because Appellant did not raise the issue, it is waived.

**8.** The rules governing pretrial discovery and inspection are set out in Pa.R.Crim.P., Rule 305, 42 Pa.C.S.A. *See* Rule 305 B which is pertinent to this discussion.

**9.** Rule 305 B(2)(a).

**10.** *Id.* at E.
   *Remedy*
   If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

■ The final issue we confront is the familiar claim of ineffective assistance of counsel. When this court is confronted with an ineffective assistance of counsel claim, a two-step analysis is required. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Jennings*, 285 Pa.Super.Ct. 295, 427 A.2d 231 (1981). The first step is to determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Jennings, id.* 285 Pa.Super.Ct. at 298, 427 A.2d at 232. If the issue is deemed to be of arguable merit, then counsel's actions must be examined to determine if counsel's actions or inactions had some reasonable basis. *Commonwealth v. Evans*, 489 Pa. 85, 413 A.2d 1025 (1980); *Commonwealth v. Jennings, id.* 285 Pa.Super.Ct. at 298–99, 427 A.2d at 232. Where there is no arguable merit, we need go no further. *See Commonwealth v. Evans, id.*, 489 Pa. at 91, 413 A.2d at 1028.

■ Appellant first argues that the evidence presented was insufficient to support the verdict rendered based on inconsistencies between the victim's identification testimony at the preliminary hearing and his trial testimony. As this is an issue of credibility, and, as issues of credibility are properly left to the trier of fact for resolution, we will not now try to examine those considerations. *Commonwealth v. Whack*, 482 Pa. 137, 140, 393 A.2d 417, 419 (1978); *Commonwealth v. Duncan*, 473 Pa. 62, 68, 373 A.2d 1051, 1053 (1977). We find this argument to be without merit.

■ The second matter raised as evidence of ineffectiveness of counsel is the failure to move to suppress information "extracted" from Appellant during the routine police investigation at the scene of the crime. What was extracted was Appellant's name and description as noted by the investigating officer. No arrest or search of Appellant was made at that time. However, even had Appellant been in custody at the time the "extraction" occurred, routine identification questions concerning defendant's name and the perceptions of a police officer about defendant's clothing would not have

constituted suppressible evidence. *See Commonwealth v. Davis*, 460 Pa. 37, 331 A.2d 406 (1975). Neither the question asked nor the description noted were calculated or expected to produce an incriminating response. *Id.*, 460 Pa. at 40, 331 A.2d at 407. This, too, is without merit.

■ There was no reversible error made in allowing, without objection, police testimony that the victim had identified Bey from photographs. Appellant's conjecture that some of the jury might have thought the photographs were mug shots does not meet the test articulated in *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972):

> The suggestion that any reference to a defendant's photograph is so prejudicial that an inflexible rule or reversal must apply is explicitly rejected. We hold that after the reference to a photograph the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. A mere passing reference to photographs from which a reasonable inference of prior criminal activity cannot properly be drawn does not invalidate the proceedings since there has been no prejudice as a result of the reference[.]

*Id.*, 448 Pa. at 181, 292 A.2d at 375. A juror could not reasonably infer from the trial testimony that Mr. Bey had any criminal record. In fact, in this case, the prosecution elected not to introduce evidence of a prior record. The situation here is similar to that in *Commonwealth v. Carlos*, 462 Pa. 262, 341 A.2d 71 (1975). The photos were never identified as mug shots or as photographs from a police file, only as photographs of the upper torso. In the instant case, the prosecution neither displayed Appellant's picture to the jury, nor marked or introduced it into evidence. Therefore, we find this argument to be without merit as well.

■ Appellant's final attempt to show ineffective assistance of counsel focuses on a claim that the alibi notice

provision of Rule 305 [11] violates the attorney-client privilege. Appellant's failure to include the name of his only alibi witness in the alibi notice *could have precluded* his calling that witness.[12] However, here, the Appellant was allowed the benefit of his alibi.

▆ Appellant cites no authority to support his claim that his right to expect an attorney-client privilege regarding his communication with trial counsel has been violated by the application of the mandatory disclosure of an alibi defense. Apparently, Appellant feels that identifying alibi witnesses is tantamount to revealing secrets which a defendant has confided to his attorney. This assertion is groundless. Counsel is not ineffective for failing to pursue a frivolous issue. *Commonwealth v. Mitchell*, 477 Pa. 274, 277, 383 A.2d 930, 931 (1978).

▆ Appellant claims that his questioning by the district attorney at trial made his alibi defense appear incomplete, inconsistent and incorrect. We agree, but point out that this is the risk a witness assumes when he takes the stand. Discrepancies between Appellant's alibi notice and his trial testimony are within the limits of a valid cross examination. Pa.R.Crim.P. 305 C(1)(g) states:

A defendant may testify concerning an alibi notwithstanding that the defendant has not filed notice, but if the defendant has filed notice and testifies concerning his presence at the time of the offense at a place or time

11. Pa.R.Crim.P., Rule 305 C (1)(a) prescribes as mandatory disclosure by the defendant,

Notice of Alibi Defense: A defendant who intends to offer the defense of alibi at trial shall, at the time required for filing the omnibus pretrial motion under Rule 306, file of record notice signed by the defendant or the attorney for the defendant, with proof of service upon the attorney for the Commonwealth, specifying intention to claim such defense. Such notice shall contain specific information as to the place or places where the defendant claims to have been at the time of the alleged offense and the names and addresses of witnesses whom the defendant intends to call in support of such claim.

12. *See* Pa.R.Crim.P., Rule 305 C (1)(d).

different from that specified in the notice, the defendant may be cross-examined concerning such notice.[13]

Appellant argues that he told counsel more than counsel chose to include in the alibi notice and because of that, the notice was lacking, which resulted in Appellant's position being compromised on the stand. Appellant provides no evidence in support of this theory; therefore, we must consider the allegation to be without merit or substance.

We agree with Appellant that the purpose of the alibi notice is to insure a fair trial, as well as to permit the Commonwealth to begin preliminary investigations. We suggest that this is what has occurred here, i.e., a fair trial at which defendant was convicted by a jury based on the facts presented.

We conclude that the court below did not commit reversible error in admitting testimony of post-arrest silence or of a witness not previously identified to the defense; nor is there any basis for a claim of ineffective assistance of counsel.

The judgment of sentence of March 26, 1979, is affirmed.

13. Had the cross examination been improper, which it was not, defendant, by failing to object at trial, has waived the issue. *Commonwealth v. Clair*, 458 Pa. 418, 422, 326 A.2d 272, 274 (1974).