J-S03007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH VALLERY | : | |
| | : | |
| Appellant | : | No. 1534 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 15, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002317-2018

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                          **FILED FEBRUARY 28, 2023**

Joseph Vallery appeals from his October 15, 2020 judgment of sentence of five to ten years of incarceration followed by five years of probation which was imposed after he was convicted of various firearms offenses.  We affirm.

We glean the factual and procedural history of this matter from the certified record.  At approximately midnight on the evening of October 29, 2017, the victim in this matter, Carlos Morris, and his cousin, Dennis Morris, left their house on the 100 block of Edgewood Street in Philadelphia, Pennsylvania to walk to a nearby Chinese restaurant.  The two men passed by Appellant and his friend, known only by the name Gooch, who were outside of Appellant's home, which was located on the same block of Edgewood Street.

Upon first encountering one another, the four men exchanged neither words nor deeds.  ***See*** Trial Court Opinion, 6/14/22, at 2.  When the Morris cousins returned along the same route a few minutes later, however, an

altercation erupted between the two groups. *See* N.T. Trial, 1/29/20, at 48-49. What began as a verbal dispute quickly turned physical when Gooch reached for something behind his back, which prompted Carlos Morris to "flip" him to the ground. *Id*. at 51-52. At this point, Dennis Morris observed Appellant wielding a silver handgun that he believed resembled a .9mm pistol. *Id*. at 55-56. Dennis Morris watched as Appellant fired the pistol at his cousin several times. Carlos Morris ran from the scene. *Id*. at 57. Shortly thereafter, Appellant got into his car and drove away. Carlos Morris was taken to Penn Presbyterian Hospital where he was treated for gunshot wounds to his chin, chest, and arm.

Thereafter,

[r]esponding officers located a crime scene comprised of multiple .40 caliber fire cartridge casings ("FCCs"), a live .40 caliber bullet, and, what would later be determined to be a 9mm or .38 caliber projectile. Shortly after police secured the scene, Appellant's uncle, Eugene Rorie, was found by police crossing into the crime scene. Rorie was [taken into custody]. At some point, Rorie mentioned he had a bag of clothing in his vehicle belonging to Appellant, and Rorie consented [to] a search . . . . Police recovered the bag which contained clothing with blood stains. That clothing was tested by the forensics lab and determined to have Appellant's DNA on them. The blood stains [also] tested positive for the victim's blood. Gunshot reside testing was positive for the presence of gunshot reside on multiple articles of clothing, including the waistband and inside pockets of the pants.

*Id*. at 4 (cleaned up). No gun was recovered. Appellant was apprehended from the basement of his uncle's home in February 2018 and charged with attempted murder, aggravated assault, carrying a firearm without a license,

carrying a firearm on the public streets of Philadelphia, possession of a firearm by a prohibited person, and possession of an instrument of crime ("PIC").

Appellant proceeded to a jury trial on all charges except for possession of a firearm by a prohibited person. The trial was held on January 29 and 30, 2020, which was followed by an immediate non-jury trial with respect to the single outstanding charge. Ultimately, he was found guilty of all the above-enumerated firearms offenses and not guilty of attempted murder and aggravated assault. On October 15, 2020, Appellant was sentenced as noted above. Appellant filed a timely post-sentence motion challenging the weight of the Commonwealth's evidence, which was denied by operation of law on February 26, 2021. *See* Pa.R.Crim.P. 720(B)(3)(a). However, Appellant did not initially file a notice of appeal.

On March 31, 2021, Appellant filed a timely PCRA petition alleging that his failure to file a direct appeal was the product of ineffectiveness. The court agreed and reinstated Appellant's right to appeal *nunc pro tunc*, after which Appellant filed the instant notice of appeal to this Court. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant has presented two issues for our consideration:

1.  Is the evidence sufficient, as a matter of law, to convict [Appellant] of the crimes of possessing a firearm without a license and carrying a firearm in Philadelphia as set forth in 18 Pa.C.S. §§ 6106 and 6108 of the Crimes Code where the evidence of record does not establish that the item allegedly used by [Appellant] had a barrel length or overall length which satisfied the definition of firearm as that term is defined [at] 18 Pa.C.S. § 6102?

- 3 -

2.      Is the verdict of guilty with respect to all charges against the weight of the evidence and so contrary to the evidence that it shocks one's sense of justice under the circumstances of this case?

Appellant's brief at 7.

Appellant's first claim for relief implicates the sufficiency of the Commonwealth's evidence with respect to Appellant's convictions pursuant to 18 Pa.C.S. §§ 6106(a)(1) ("[A]ny person who carries a firearm concealed on or about his person . . . without a valid and lawfully issued license under this chapter commits a felony of the third degree.") and 6108 ("No person shall carry a firearm . . . at any time upon the public streets or upon any public property in [Philadelphia.]").      Specifically, Appellant asserts the Commonwealth did not adduce sufficient evidence that he was in possession of a "firearm" as defined under the Uniform Firearms Act ("UFA").    **See** Appellant's brief at 23-30 (citing 18 Pa.C.S. § 6102).

We bear the following basic legal principles in mind:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder.   In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.   Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be

- 4 -

considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Boyer*, 282 A.3d 1161, 1171 (Pa. Super. 2022) (cleaned up). As noted above, Appellant's arguments concern the definition of "firearm" under the UFA, which provides, in pertinent part, as follows: "Any pistol or revolver with a barrel length less than 15 inches, . . . or any pistol, revolver, rifle, or shotgun with an overall length of less than 26 inches." 18 Pa.C.S. § 6102. Our precedent confirms that proof that a particular weapon meets the barrel length definitions noted above is an essential element of both § 6106 and § 6108. *See Commonwealth v. Todd*, 384 A.2d 1215, 1217 (Pa. 1978), *superseded by statute on separate grounds*, *Commonwealth v. Gillespie*, 821 A.2d 1221, 1224 (Pa. 2003); *Commonwealth v. Ray*, 751 A.2d 233, 235-36 (Pa.Super. 2000).

Appellant argues the Commonwealth failed to adduce any evidence that the weapon wielded by Appellant on the night in question fell within the length restrictions set by § 6102. *See* Appellant's brief at 21. However, it is well-established that the Commonwealth may establish the length of a particular weapon by purely circumstantial evidence in this context. *See Commonwealth v. Rozplochi*, 561 A.2d 25, 31 (Pa.Super. 1989) (concluding that there was sufficient evidence to establish the length of a firearm's barrel from testimony and estimations of size provided by an eyewitness, irrespective of whether the gun was entered into evidence);

***Commonwealth v. Jennings***, 427 A.2d 231, 235 (Pa.Super. 1981) (holding jury is permitted to "infer" the length of a weapon by first-hand observation).

Instantly, the gun Appellant possessed on the night in question was never recovered by the Commonwealth. However, Dennis Morris testified at numerous points during Appellant's trial that he observed Appellant in possession of a "[s]ilver .9mm" pistol. N.T. Trial, 1/29/20, at 55, 71, 77. Thereafter, the Commonwealth presented testimony from Officer Daniel Cha, who was stipulated by the parties to be "an expert in ballistics and firearms identification." N.T. Trial, 1/30/20, at 10-11. As part of his testimony, Officer Cha brought a standard .9mm pistol and provided the jury with an extended opportunity to "get a full look at the size of the [type of] gun" that Appellant was alleged to have possessed on the night in question. ***Id***. at 20-21. Thus, the jury had an opportunity to estimate the overall size of the at-issue firearm by observation. ***See Rozplochi***, ***supra*** at 31; ***Jennings***, ***supra*** at 235. This Court has also previously credited expert testimony to establish barrel length in this context. ***See Ray***, ***supra*** at 236 (holding that evidence was sufficient where "the expert in the instant case was able to identify both the type of gun used and its barrel length").

Furthermore, additional circumstantial inferences also provide support for the conclusion that Appellant possessed a firearm with a barrel length less than fifteen inches. Dennis Morris testified that Appellant was able to hold and discharge the at-issue firearm with one hand. ***See*** N.T. Trial, 1/29/20, at

53. Moreover, he affirmed that the firearm was a "pistol." *Id*. at 56. Finally, no of-record evidence suggested that the barrel of Appellant's weapon was exceptionally long. This Court has found such circumstances to be persuasive on this specific issue.[1] *See Commonwealth v. King*, 251 A.3d 1266 (Pa.Super. 2021) (non-precedential decision at 4-5) (holding testimony "[King] was holding the firearm with one hand seemingly waving it around, coupled with [the] characterization of the firearm as a 'pistol,' and absent any evidence of an exceptionally long barrel length," permitted the factfinder to infer that the "firearm's barrel length met the definition set forth in Section 6102"); *see also Rozplochi*, *supra* at 31 (same).

Viewing this evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient direct and circumstantial evidence for the jury to conclude that the at-issue weapon fell within the length parameters of § 6102. No relief is due on Appellant's first claim.

Appellant has also challenged the weight of the Commonwealth's evidence. We note that "a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742,

---

[1] The gunshot residue evidence in this case also supports an inference that Appellant kept his firearm secreted in and around the waist of his pants, which this Court has also found persuasive on the issue of barrel length pursuant to the UFA. *See Commonwealth v. Biggs*, 248 A.3d 455 (Pa.Super. 2021) (non-precedential decision at 5).

758 (Pa. Super. 2014). In order to prevail in such an argument, the defendant must demonstrate that the of-record evidence is "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003). Thus, "[a] new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Commonwealth v. Clemons*, 200 A.3d 441, 464 (Pa. 2019). Rather, a new trial should be awarded only where the fact-finder's verdict was "so contrary to the evidence as to shock one's sense of justice[.]" *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). Thus,

> A weight challenge is *sui generis*. Such a claim is not premised upon trial court error or some discrete and correctable event at trial, but instead ripens only after, and because of, the [fact-finder's] ultimate verdict in the case. As a result, a claim asserting that the verdict was against the weight of the evidence rests within the trial court's discretion. We review the trial court's exercise of discretion in ruling on the claim, and not whether the verdict was against the weight of the evidence. The trial court is required to consider whether [its] verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative.

*Commonwealth v. Holt*, 273 A.3d 514, 531 (Pa. 2022) (cleaned up).

Appellant asserts that his convictions are "impermissibly based upon conjecture and surmise" and that the Commonwealth's evidence establishes "no more than a mere possibility of guilt." Appellant's brief at 22. The trial court responded to these allegations, as follows:

> There was ample evidence presented to find [Appellant] guilty of the aforementioned charges. Dennis Morris testified that he

witnessed [Appellant] firing a firearm, and was uncertain as to the type, but finally concluded it was a [.]9mm semi-automatic. That testimony was corroborated by law enforcement. [An officer testified] that he found two FCCs, one live bullet, and one bullet projectile at the scene. [Another officer testified] he recovered the FCCs, bullet and bullet projectile and placed them on a property receipt. Officer Cha testified that the FCCs were .40 caliber Smith & Wesson ammunition as was the live bullet and that the bullet projectile was most likely a .9mm or .38 caliber bullet. [One of the Commonwealth's experts] testified that the clothing recovered from the scene contained [Appellant's] DNA. Finally, [another expert] testified that the clothing contained gunshot residue in the waistband and inside pockets of the pants.

[The] Commonwealth elicited enough direct and circumstantial evidence that [Appellant], a prohibited felon, possessed a firearm, an instrument of crime, on the public streets of Philadelphia without a license.

Trial Court Opinion, 6/14/22, at 11-12. Thus, the trial court denied Appellant's post-sentence motion "because it understood that its role was to award a new trial only if" the verdict was "truly shocking to the judicial conscience." *Id*. at 9-10. Ultimately, the trial court found no such misfeasance here. *Id*. at 12.

We discern no abuse of discretion in the trial court's reasoning and justification. Aside from painstakingly reciting the evidence at trial, Appellant's argument on this point is focused entirely upon mere inconsistencies in the Commonwealth's evidence, *i.e.*, differences in Dennis Morris's statements to police compared with his testimony at trial, or the presence of additional DNA signatures on the clothes seized by police. *See* Appellant's brief at 41-44. Such factual quibbling will not support a weight of the evidence claim. *See Commonwealth v. Simmons*, 662 A.2d 621, 630 (Pa. 1995) ("[A] witness's credibility is solely for the [factfinder] to

determine."). Moreover, the jury was informed of these alleged discrepancies and it was fully within their ken to make credibility determinations with respect to any conflicting evidence. It is practically axiomatic that "[i]t is not for this Court to overturn the credibility determinations of the fact-finder[.]" *Commonwealth v. Blackham*, 909 A.2d 315, 320 (Pa.Super. 2006). The verdict here did not shock the conscience of the trial court, and we find no basis to overturn that conclusion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023