J-S43040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO LAMOTTA | : | |
| | : | |
| Appellant | : | No. 2164 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 1, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000079-2021

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED DECEMBER 31, 2024**

Antonio LaMotta appeals from the judgment of sentence entered after he was convicted of two violations of the Pennsylvania Uniform Firearms Act of 1995.  18 Pa.C.S. §§ 6101–6128.  He challenges the sufficiency of the evidence to sustain his conviction for possessing a firearm without a license, *id.* § 6106(a)(2), and the constitutionality of the licensing requirement to carry a firearm in Philadelphia, *id.* § 6108.  We affirm.

On November 5, 2020, LaMotta traveled with Joshua Macias in a silver Hummer from their home state of Virginia to the City of Philadelphia following the presidential election.  Officers from the Philadelphia Police Department spoke with LaMotta and Macias at the corner of 12th Street and Arch Street near the convention center.  Macias stated that they had parked on 13th Street and Race Street.  One of the officers saw that LaMotta was openly carrying a black semiautomatic handgun on his hip.  The officer saw the imprint of a

firearm beneath Macias' sport coat as well. LaMotta indicated that he did not have a permit to carry the firearm; Macias stated that both men had carry permits and provided his own documentation.

LaMotta consented to a vehicle search. In the Hummer, police found a sword, a golf ball launcher, ammunition, and an AM 15 rifle. Police charged both men with, *inter alia*, firearms violations. The case ultimately proceeded to a non-jury trial, where the Commonwealth presented body camera footage from the search of the Hummer, as well as photographs of the stock of the rifle under the rear seat and the rifle being held. **See** N.T., 10/12/22, at 92–94; Exhibits 18A, 18B. The parties stipulated to a report concluding that the rifle was operable; however, LaMotta preserved an objection that the report did not mention the rifle's length.

The trial court found LaMotta guilty of the two offenses above. On March 1, 2023, the court sentenced LaMotta to serve 11 months 15 days to 23 months of confinement with immediate parole, followed by a consecutive term of probation. LaMotta appealed.[1] LaMotta and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

LaMotta maintains two issues on appeal:

> I.    Did the trial court err in finding the evidence sufficient to sustain a verdict of guilt[y] for Violation of the Uniform

_____

[1] We treat LaMotta's appeal as timely filed because the Office of Judicial Records' order denying his post-sentence motion was entered beyond the 120-day period prescribed by Rule of Criminal Procedure 720, and LaMotta filed his notice of appeal within 30 days of the order. **See Commonwealth v. Patterson**, 940 A.2d 493, 498–99 (Pa. Super. 2007).

Firearms Act § 6106 because the Commonwealth failed to prove that [LaMotta] knowingly, intelligently, or recklessly concealed a firearm as defined under the Uniform Firearms Act?

II.    Should [LaMotta's] conviction for Violation of the Uniform Firearms Act § 6108 be vacated because the statute is unconstitutional under the Pennsylvania and United States Constitutions and the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)?

LaMotta's Brief at 3 (citation altered).

In his first issue, LaMotta argues there was no evidence that the rifle in the Hummer met the length requirements to be a "firearm" for purposes of his Section 6106 conviction. For a sufficiency challenge, "we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime . . . ." *Commonwealth v. Wright*, 255 A.3d 542, 552 (Pa. Super. 2021) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722 (Pa. Super. 2013). Length is a material element for the Section 6106 offense. *See Commonwealth v. Mead*, _ A.3d _, _, 2024 WL 4646924, at *4 (Pa. Super. 2024); *see also Commonwealth v. Todd*, 384 A.2d 1215, 1217–18 (Pa. 1978), *superseded by statute on other grounds* (requiring "some evidence" of length under the definition of firearm).[2]

_____

[2] *Todd* interpreted prior statutory language that applied equally to the offense of persons not to possess firearms under Section 6105. *See Commonwealth v. Gillespie*, 821 A.2d 1221, 1224–25 (Pa. 2003) (describing subsequent amendments to Section 6105). The current definition of "firearm" in Section 6102 continues to apply for purposes of Section 6106.

The applicable definition of firearm is:

Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring from the muzzle of the barrel to the face of the closed action, bolt or cylinder, whichever is applicable.

18 Pa.C.S. § 6102.

Our courts have affirmed convictions for firearm possession when there is some evidence to support a factual finding that the length of the gun was within the applicable definition.[3] For example, it was sufficient for a witness to testify that a gun was concealed in a manila envelope that was "'about this high' and 'not too wide.'" *Commonwealth v. Rozplochi*, 561 A.2d 25, 31 (Pa. Super. 1989). Notably, although the record did not indicate the witness' hand motions, this Court rejected a sufficiency-based challenge of ineffective assistance of counsel because the judge who had presided would have been able to observe the witness, estimate the size of the envelope, and conclude that the gun inside met the definition of a firearm. *Id.* Likewise, we have recognized that the Commonwealth may meet its burden to prove the length of a firearm by entering the firearm itself into evidence. *Commonwealth v. Jennings*, 427 A.2d 231, 235 (Pa. Super. 1981). The jury was capable of determining the length of the weapon by examining it in deliberation. *Id.*

---

[3] The cases cited here involved convictions under Section 6105, which at the time required proof of barrel length. *See* Note 2, *supra*. Their reasoning holds true to the present case under Section 6106.

- 4 -

Here, there was some evidence of the length of the rifle. At the non-jury trial, the Commonwealth introduced body camera footage and photographs that depicted the rifle in the Hummer. The operability report, which lacked any measurement of the rifle's length, does not negate the other evidence depicting the rifle. Here as in **Rozplochi** and **Jennings**, the fact-finder could reasonably infer the length of the firearm from the presentation at trial. The exhibits from the search of the Hummer, viewed in a light most favorable to the Commonwealth, provided a sufficient basis for the trial court to determine the rifle's length and thus conclude that it met the definition of "firearm" in Section 6102. LaMotta's first issue fails.

In his second issue, LaMotta challenges Section 6108 under the Constitutions of the United States and Pennsylvania. He asserts that the statute impermissibly limits individuals' right to openly carry arms in the city of Philadelphia. He cites **Bruen**, in which the Supreme Court of the United States articulated the framework to analyze federal constitutional challenges to firearms laws and, in doing so, observed that an entire city (Manhattan) is not a "sensitive place" excluded from Second Amendment protections. **See Bruen**, 597 U.S. 1, 30–31.[4]

For a constitutional challenge, this Court's scope of review is plenary, and we apply a *de novo* standard of review. **Commonwealth v. McCormick**,

_____

[4] LaMotta's co-defendant Macias presented a somewhat different challenge to the same statute, which this panel rejected. **Commonwealth v. Macias**, 2024 WL 4891765 (Pa. Super. 2024) (non-precedential decision).

- 5 -

323 A.3d 1271, 1273 (Pa. Super. 2024) (citation omitted). We will find a statute to be unconstitutional only if the challenger meets the "heavy burden" to rebut the strong presumption of constitutionality by proving that the statute "clearly, palpably, and plainly" violates a constitutional provision. *Id.*

The challenged statute prohibits carrying "a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class"—Philadelphia—without a license to carry a firearm. 18 Pa.C.S. § 6108(a). There are exceptions that are not at issue here. *Id.* § 6108(b). Under Pennsylvania law, a license to carry a firearm "shall be issued" to applicants for whom it appears "no good cause exists to deny the license." *Id.* § 6109(e)(1) (enumerating factors that prohibit licensure).

LaMotta's appellate argument fails for two reasons. First, a "shall-issue" licensing law like Pennsylvania's does not suffer the same constitutional defect that the New York "may-issue" law did. *Mead*, _ A.3d at _, 2024 WL 4646924, at *5–6 (quoting *Bruen*, 597 U.S. at 79–80 (Kavanaugh, J., concurring)). Despite the Supreme Court's acceptance in *Bruen* that "shall-issue licensing regimes are constitutionally permissible," LaMotta does not attempt to explain how Section 6108 nonetheless "clearly, palpably, and plainly" violates his federal gun rights. *Id.*; *McCormick*, *supra*.

Second, LaMotta fails to carry his burden to demonstrate that a statute specific to conduct in Philadelphia violates any constitutional provision. Notably, the Constitution of Pennsylvania allows the General Assembly to pass laws specific to cities classified by size. Pa. Const. Art. 3 § 20. LaMotta does

not explain how the **Bruen** Court's passing observation that all of Manhattan is not a "sensitive place," 597 U.S. at 31, would bar city-specific legislation. Importantly, all that is required to openly carry a firearm in Philadelphia is a license to carry a firearm, which is also required to conceal a firearm across the Commonwealth. 18 Pa.C.S. §§ 6108(a), 6106(a). Because LaMotta has not met his "heavy burden" to prove that the statute is unconstitutional, we uphold Section 6108. **McCormick**, **supra**. LaMotta's second issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2024