COMMONWEALTH of Pennsylvania, Appellee,

v.

Kenneth RAY Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 16, 1999.
Filed April 20, 2000.

---

Robert A. Crisanti, Pittsburgh, for appellant.

Michael W. Streily, Asst. Dist. Atty., and Robert A. Willig, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

Before DEL SOLE, FORD ELLIOTT, JJ. and CIRILLO, President Judge Emeritus.

DEL SOLE, J.:

¶ 1 This is an appeal *nunc pro tunc* from a judgment of sentence of 10 to 20 years for Third Degree Murder and 1 to 5 years for Violation of the Uniform Firearms Act ("VUFA"). We vacate Appellant's judgment of sentence for the VUFA charge and remand for resentencing.

¶ 2 The facts of this case were summarized by the trial court as follows:

On August 21, 1993, Jerry Phifer, the victim in this particular matter, was driving a vehicle on Deary Street in the City of Pittsburgh. The victim was accompanied by a friend, Byron Johnson, a.k.a Chris Green. Upon noticing several individuals in the area, including the Defendant, the victim stopped the vehicle and proceeded to inquire whether or not the individuals were affiliated with a specific gang. This inquiry escalated into arguments and threats. The arguments and threats lead [sic] to the Defendant firing a gun in the direction of the victim. After the shots were fired the victim fell into the car such that half his body was in the car and half was outside the car. The other parties, including the Defendant, immediately left the scene. Byron Johnson found an officer nearby and requested assistance. Later, when questioned, Byron Johnson identified the Defendant as the shooter.[1] The victim sustained a gunshot wound to the head and died soon thereafter. The official cause of death was a gunshot wound to the head. On August 22, 1993, the Defendant was mirandized and interrogated. The Defendant admitted his involvement in the shooting and provided a taped statement to that effect. Opinion, 2/9/99, at 3.

¶ 3 Following a jury trial, Appellant was convicted of Third Degree Murder and VUFA. He was sentenced to 10 to 20 years' imprisonment on the Murder charge and a consecutive term of imprisonment of 1 to 5 years for the VUFA conviction. Appellant was subsequently granted the right to appeal *nunc pro tunc* and this appeal followed.

¶ 4 Appellant raises several claims on appeal. First, Appellant argues he is entitled to an arrest of judgment on the VUFA conviction because the Commonwealth failed to present sufficient evidence of the barrel length of the gun used to commit the instant crime. In addition, Appellant claims trial counsel was ineffective for failing to: 1) fully cross-examine prosecution witness, Byron Johnson, a.k.a. Chris Green, regarding his prosecutorial bias; 2) object to the jury instruction on flight where there was no evidence Appellant concealed his whereabouts or hid from police; and 3) object to the trial court's improper calculation of his prior record score in determining his sentence for VUFA.

¶ 5 We will first address Appellant's argument that the Commonwealth failed to present evidence of the gun's barrel length and, therefore, did not establish that the gun employed in the shooting was a "firearm" as that term is used in 18 Pa.C.S.A. § 6106.[2]

¶ 6 In reviewing a sufficiency of the evidence claim, the test we apply is whether the evidence, and all reasonable inferences taken from the evidence, viewed in the light most favorable to the Commonwealth as verdict-winner, were sufficient to

---

**1.** This statement is not completely accurate. While Johnson ultimately identified Appellant as the shooter, he originally identified another individual, Omar Moore, nicknamed "Sneez," as the shooter. N.T., 2/1/95, at 109–111, 113, and 184.

**2.** In 1993, when the instant crime was committed, 18 Pa.C.S.A. § 6106(a) read, in relevant part, as follows: "No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefore as provided by this subchapter."

establish all the elements of the offense beyond a reasonable doubt. *Commonwealth v. Williams*, 554 Pa. 1, 720 A.2d 679, 682 (1998) (citation omitted).

¶ 7 The term, "firearm," was defined at the time of the instant offense in 18 Pa. C.S.A. § 6102 as "[a]ny pistol or revolver with a barrel less than 15 inches, any shotgun with a barrel less than 18 inches." In the instant case, the Commonwealth's expert testified that the bullet recovered from the victim was a nine millimeter cartridge bullet and the markings on the bullet were "consistent with a nine millimeter Ruger automatic load pistol" which "generally has a barrel length of four to four and one-half inches." N.T., 2/1/95, at 146–147.

¶ 8 Appellant argues that based upon our supreme court's decision in *Commonwealth v. Todd*, 477 Pa. 529, 384 A.2d 1215 (1978), the expert's testimony was insufficient to establish the gun's barrel length. In *Todd*, the Commonwealth's expert testified the weapon used was "probably" a Smith and Wesson .38 caliber weapon but that he had "no idea" how long the gun's barrel might have been. The court held that absent any evidence indicating the gun's barrel length, the evidence was not sufficient to support appellant's firearms conviction. Unlike the expert in *Todd*, however, the expert in the instant case was able to identify both the type of gun used and its barrel length. Accordingly, we hold the evidence was sufficient to support Appellant's VUFA conviction.

■■■ ¶ 9 Next, we turn to Appellant's claims of trial counsel's ineffectiveness. First, we note that trial counsel is presumed to be effective and Appellant has the burden of proving otherwise. *Commonwealth v. Williams*, 524 Pa. 218, 570 A.2d 75, 81 (1990). In reviewing ineffectiveness claims, we must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978). If not, we need look no further since counsel will not be deemed ineffective for failing to pursue a meritless

issue. *Commonwealth v. Lennox*, 250 Pa.Super. 80, 378 A.2d 462 (1977). If there is arguable merit to the claim, we will then look to see whether the course chosen by counsel had some reasonable basis aimed at promoting his client's interests. *Commonwealth v. Evans*, 489 Pa. 85, 413 A.2d 1025 (1980). Further, there must be a showing that counsel's ineffectiveness prejudiced Appellant's case. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). The burden of producing the requisite proof lies with Appellant. *Commonwealth v. Hentosh*, 520 Pa. 325, 554 A.2d 20 (1989). We cannot consider ineffectiveness claims in a vacuum; rather, appellant must set forth an offer to prove at an appropriate hearing sufficient facts to allow the reviewing court to conclude that counsel was ineffective. *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981). Trial counsel's decision as to matters of trial strategy cannot form the basis of a finding of ineffectiveness. *Commonwealth v. Blassingale*, 398 Pa.Super. 379, 581 A.2d 183 (1990). Finally, appellant must show that, but for counsel's act or omission, there is a reasonable probability that the result would have been different. *Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483 (1987).

¶ 10 Appellant asserts trial counsel was ineffective for failing to more fully cross-examine prosecution witness, Byron Johnson, who testified he was with the victim at the time of the shooting, about his pending juvenile court charges. The record shows that when asked by the prosecutor where he currently resides, Johnson responded that he had been arrested and was a resident at Schuman Center. On cross-examination, trial counsel inquired into the nature of Green's pending charges as follows:

Q: What type of charge are you currently in the juvenile court system for?

A: Well, it is a failure to adjust and drugs.

Q: And drugs?

A: Yes.

Q: What kind of drugs?

A: Crack.

N. T., 2/1/95, at 118–119.

¶ 11 Appellant argues Johnson was the only eyewitness to the shooting and, in light of the pending charges against Johnson, trial counsel was ineffective for failing to more fully cross-examine Johnson about his motive for testifying as a witness for the Commonwealth. While we are unable to discern any reasonable basis for trial counsel's failure to inquire into any motive Johnson may have had for testifying, Appellant fails to show how he was prejudiced by counsel's inaction.

¶ 12 The record shows trial counsel attacked Johnson's credibility by pointing out that when Johnson was originally questioned by police he gave a false name and identified an individual other than Appellant as the shooter. N.T., 2/1/95, at 104–105, 109–112. Furthermore, Appellant cannot claim that but for trial counsel's failure to inquire regarding Johnson's motive for testifying the result would have different. In addition to Johnson's testimony, the Commonwealth presented Appellant's tape-recorded statement in which he admitted his involvement in the shooting. Accordingly, we hold this claim of trial counsel's ineffectiveness is without merit.

■ ¶ 13 Next, Appellant argues trial counsel was ineffective for failing to object to the trial court's jury instruction on flight where there was no evidence that Appellant concealed his whereabouts from the police. The court's instruction was as follows:

There is evidence which tended to show that the Defendant hid from the police. The credibility, weight and effect is for you to decide.

Generally speaking, when a crime has been committed and a person thinks he is or may be accused of committing it and he flees or conceals himself, such flight or concealment is a circumstance tending to prove that the person is con-

scious of guilt. Such flight or concealment does not necessarily show consciousness of guilt in every case. A person may flee or hide for some other motive and may do so even though innocent. Whether the evidence of flight or concealment in this case should be looked at as attending [sic] to prove guilt depends upon the facts and circumstances of the case and especially upon motives which may have prompted the flight or concealment.

You may not find the Defendant guilty solely on the basis of evidence of flight or concealment.

N.T., 2/1/95, at 246–247.

¶ 14 The record shows Appellant left the scene of the shooting and was arrested outside of his home one day later. Arguably, this is not a standard case of flight. Other than Appellant leaving the scene after the shooting occurred, the Commonwealth did not produce any evidence of Appellant attempting to elude the police or leaving the jurisdiction. Nevertheless, while there is no discernable basis to support trial counsel's failure to challenge this instruction, Appellant fails to show that absent trial counsel's omission, the outcome would have been different. As we have already stated, in light of the testimony placing Appellant at the scene of the crime and Appellant's tape-recorded statement in which he admitted his involvement in the shooting, we hold Appellant's claim that trial counsel was ineffective for failing to object to the trial court's instruction on flight is meritless.

■ ¶ 15 Appellant's final claim is that pursuant to § 303.7(a) of the Sentencing Code, the trial court should have applied a prior record score of 2 only to his Murder charge rather than to both the Murder and VUFA convictions. The Commonwealth concedes this point and we agree that Appellant is entitled to be resentenced on the VUFA charge.

¶ 16 The record shows the trial court found Appellant's Murder conviction had

an offense gravity score of 10 and a prior record score of 2. The court then stated the VUFA conviction had an offense gravity score of 6 and a prior record score of 2. Section 303.7(a) of the Sentencing Code provides in pertinent part, as follows:

[w]hen imposing sentences for convictions arising out of the same transaction, the prior record score is computed for the offense with the highest offense gravity score in such transaction. If there are two offenses which carry the same offense gravity score, the prior record score shall apply to only one offense. For the remaining offenses in such transactions, the prior record score shall be zero. When imposing sentences for convictions arising out of separate transactions, the prior record score shall be computed independently for each separate transaction.

¶ 17 In the instant case, the Murder and VUFA convictions were part of the same transaction and Third Degree Murder carries a higher offense gravity score than does a VUFA conviction. Accordingly, we hold the trial court improperly attributed a prior record score to both the Murder and VUFA convictions, and, therefore, Appellant's judgment of sentence on the VUFA conviction must be vacated and the matter remanded for re-sentencing on that conviction.

¶ 18 Judgment of sentence for Third Degree Murder is affirmed.

¶ 19 Judgment of sentence on the VUFA conviction is vacated and the matter is remanded for re-sentencing on that conviction alone.

¶ 20 Jurisdiction relinquished.