J-S69015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN LEWIS | |
| Appellant | No. 2931 EDA 2013 |

Appeal from the Judgment of Sentence May 17, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003612-2011

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED DECEMBER 15, 2014**

Appellant, Kevin Lewis, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions of first degree murder, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and possessing an instrument of crime.[1] We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restatement them.[2]

---

[1] 18 Pa.C.S.A. §§ 2502(a), 6106(a)(1), 6108, and 907(a), respectively.

[2] On October 15, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b),
*(Footnote Continued Next Page)*

Appellant raises the following issues for our review:

IS [APPELLANT] ENTITLED TO AN ARREST OF JUDGMENT ON THE CHARGE OF MURDER IN THE FIRST DEGREE WHERE THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH THAT [APPELLANT] ACTED WITH A FULLY FORMED SPECIFIC INTENT TO KILL AND WITH PREMEDITATION?

IS [APPELLANT] ENTITLED TO A NEW TRIAL WHERE THE GREATER WEIGHT OF THE EVIDENCE WOULD SUPPORT THE PROPOSITION THAT [APPELLANT] SHOT AND KILLED THE VICTIM BUT NOT THAT HE ACTED WITH SPECIFIC INTENT TO KILL AND PREMEDITATION AND HENCE, FIRST DEGREE MURDER IS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE?

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Teresa M. Sarmina, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed December 13, 2013, at 3-5, 7-8) (finding: **(1)** eyewitness, who had known Appellant and decedent since they were children, identified Appellant as individual who killed decedent; eyewitness saw Appellant pull out his gun and shoot decedent numerous times inside and outside of bar; Appellant confessed that he was individual who killed decedent; Appellant shot decedent seven times, including four to decedent's back, two of which perforated his lungs, and some while

*(Footnote Continued)* ───────────

and Appellant timely complied on November 5, 2013.

- 2 -

decedent lay on ground; manner in which Appellant killed decedent constitutes circumstantial evidence of malice and specific intent to kill; Appellant confessed he saw that decedent was hit, but Appellant continued to chase and shoot decedent; Appellant emptied his gun; Commonwealth presented evidence of Appellant's motive to kill decedent, which was that decedent had shot Appellant in 2009; Commonwealth presented sufficient evidence to establish Appellant possessed specific intent to kill; **(2)** fact-finder was free to believe all, part or none of testimony presented at trial and was in best position to assess credibility of each witness and determine reliability of testimony; court properly denied relief on Appellant's challenge to weight of evidence[3]). The record supports the trial court's decision; therefore, we see no reason to disturb it. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2014

_____

[3] To the extent the trial court inadvertently refers to the evidence as "clear and convincing," we interpret that phrase in the vernacular and not as a legal standard for the weight of the evidence.

## PHILADELPHIA COURT OF COMMON PLEAS
## CRIMINAL TRIAL DIVISION

COMMONWEALTH                          :

                                      :          CP-51-CR-0003612-2011

v.                                               Superior Court Docket No.
                                                 2931 EDA 2013

KEVIN LEWIS

Sarmina, J.
December 13, 2013                                7095487261

CP-51-CR-0003612-2011 Comm. v. Lewis, Kevin M.
Opinion

FILED

DEC 1 3 2013

Criminal Appeals Unit
First Judicial District of PA

### OPINION

## PROCEDURAL HISTORY

On May 17, 2013, following a non-jury trial before this Court, Kevin Lewis ("the

defendant") was found guilty of murder of the first degree (H-1), carrying a firearm without a license

(F-3), carrying a firearm on public streets (M-1), and possessing an instrument of crime ("PIC") (M-

1).[1] The defendant was sentenced that day to the mandatory term of life imprisonment[2] for murder

of the first degree.[3] On May 23, 2013, the defendant filed a post-sentence motion, which this Court

denied on September 17, 2013. On October 11, 2013, the defendant filed this timely appeal.

## FACTS

On December 17, 2010, Michael Davis ("Davis") was sitting in a chair, watching TV, near

the front door of T&J Lounge ("the bar"), a bar at the corner of Boyer Street and Woodlawn

Avenue in Philadelphia. Notes of Testimony ("N.T.") 5/14/2013 at 49, 73. Damaine Barber ("the

decedent"), whom Davis had known since he was a baby, was sitting at the end of the bar. N.T.

---

[1] 18 Pa.C.S. § 2502(a), 18 Pa.C.S. § 6106(a), 18 Pa.C.S. § 6108, and 18 Pa.C.S. § 907, respectively.

[2] 18 Pa.C.S. § 1102(a)(1).

[3] As to the remaining charges, the defendant was sentenced to not less than three and a half nor more than seven years incarceration for carrying a firearm without a license, and to not less than one nor more than five years each for carrying a firearm on public streets and possessing an instrument of crime, all sentences to run concurrently.

5/14/2013 at 73, 75. The defendant, whom Davis had also known since he was a baby, came into the bar through the front door, and started to walk down the bar toward the decedent. N.T. 5/14/2013 at 74-75.

When the defendant reached the decedent, he pulled a gun out of his pocket. N.T. 5/14/2013 at 85. Davis screamed "No, don't do it, don't do it." N.T. 5/14/2013 at 86. As the decedent jumped up and started to run toward the ladies' room, the defendant fired the first shot, hitting the decedent. N.T. 5/14/2013 at 86; N.T. 5/15/2013 at 215. The decedent changed direction, running behind the bar, and was hit with another of the defendant's shots. Id. The decedent kept running, behind the bar; and the defendant continued after him, still shooting. N.T. 5/14/2013 at 87. The decedent then jumped over the bar, and was shot at again while he was in the air. N.T. 5/14/2013 at 87. As the decedent reached the bar's entrance, the defendant again shot him and then jumped over the bar himself and continued to pursue the decedent out of the bar. N.T. 5/14/2013 at 76-77. Davis saw the decedent lying outside on the ground, then saw the defendant standing over the decedent, still shooting him.[4] N.T. 5/14/2013 at 77. The defendant fled. N.T. 5/14/2013 at 77.

The defendant was arrested on January 12, 2011. N.T. 5/15/2013 at 150-52. That night, the defendant confessed to killing the decedent.[5] N.T. 5/15/2013 at 207, 214.

---

[4] Philadelphia Police Officer Paul Stadelberger testified that the decedent was pronounced dead at the scene. N.T. 5/15/2013 at 34. Dr. Gary Collins testified that the decedent's cause of death was multiple gunshot wounds, including four to his back and three to his buttocks. N.T. 5/15/2013 at 187, 191-96. Two of the shots to the decedent's back hit his right and left lungs. N.T. 5/15/2013 at 192, 194. Each of those shots would have been fatal on their own in a matter of a few minutes. N.T. 5/15/2013 at 192, 194-95.

[5] In general, the key testimony at trial was corroborated by the facts in the defendant's own statement. N.T. 5/15/2013 at 207-17. However, the defendant's statement did add that the decedent had shot him in the arm the previous year and that, although they had been friends before that, they had not spoken since that incident. N.T. 5/15/2013 at 214-15. The defendant had known that the decedent would be at the bar the night he killed him. N.T. 5/15/2013 at 216. And the defendant saw he had hit the decedent after he started firing, but he nonetheless continued to chase and shoot the decedent. N.T. 5/15/2013 at 215-16. He said he emptied his weapon. N.T. 5/15/2013 at 217. The defendant's statement did differ in that he did not say he continued to shoot the defendant outside the bar. N.T. 5/15/2013 at 217-18.

## LEGAL DISCUSSION

The defendant raises the following issues on appeal:

1. The Commonwealth failed to present evidence sufficient to sustain the verdict as to first degree murder because the Commonwealth failed to prove (1) that the defendant was a principal, conspirator, or an accomplice in the killing of Damaine Barber, and (2) that the defendant possessed a specific intent to kill.

2. The Commonwealth failed to present evidence sufficient to sustain the verdict as to carrying a firearm without a license, carrying a firearm on public streets, or PIC because the Commonwealth failed to prove (1) that the defendant was a principal, conspirator, or an accomplice in the killing of Damaine Barber, and (2) that the defendant possessed a firearm.

3. The weight of the evidence produced at trial did not support (1) that the defendant was a principal, conspirator, or an accomplice in the killing of Damaine Barber or (2) that the defendant possessed a specific intent to kill.

### 1. The Commonwealth Failed to Present Evidence Sufficient to Sustain the Verdict

The defendant's claims that there was insufficient evidence presented at trial to support his convictions fail.[6] The Commonwealth proved the defendant's guilt beyond a reasonable doubt.

> The standard [applied] in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above test], we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

Commonwealth v. Ventura, 975 A.2d 1128, 1142 (Pa.Super. 2009), citing Commonwealth v. Bruce, 916 A.2d 657, 661 (Pa.Super. 2007).

---

[6] The defendant has argued that there was insufficient evidence to sustain his convictions, yet also argues that the verdict was against the weight of evidence. Having argued that the verdict was contrary to the weight of the evidence, defendant concedes that there was sufficient evidence to sustain the verdict. See Commonwealth v. Manchas, 633 A.2d 618, 622 (Pa.Super. 1993). Nevertheless, both claims fail.

3

*1(a) Murder of the First Degree*

In order for the evidence presented at trial to sufficiently support a conviction for murder of the first degree, the Commonwealth must prove beyond a reasonable doubt that: "(1) a human being was unlawfully killed; (2) the defendant was responsible for the killing; and (3) the defendant acted with malice and a specific intent to kill." 18 Pa.C.S. § 2502(a). An intentional killing is one "committed by means of poison, or by lying in wait, or by any other kind of willful, deliberate, and premeditated killing." 18 Pa.C.S. § 2502(d). "[T]he fact finder may infer that the defendant intended to kill a victim based on the defendant's use of a deadly weapon on a vital part of the victim's body." Commonwealth v. May, 887 A.2d 750, 753 (Pa. 2005). The number of shots fired at an individual is also an item of circumstantial evidence from which the fact finder can infer an intent to kill. In Commonwealth v. Smith, the Commonwealth presented evidence sufficient to establish a specific intent to kill where the victim was shot seven times, including to both his lungs, his spleen, liver, left shoulder, arms, and head. 985 A.2d 886, 896 (Pa. 2009). In Commonwealth v. Rogers, evidence was sufficient to demonstrate intent where the Commonwealth produced testimony that the defendant approached a car with a loaded pistol and opened fire, emptying his entire magazine into an occupied vehicle. 615 A.2d 55, 64 (Pa.Super. 1992).

Here, the defendant claims the Commonwealth failed to establish (1) that he was the principal, conspirator, or accomplice in the killing of the decedent, and (2) that he possessed a specific intent to kill. Both claims fail. The defendant was identified by Davis, an eyewitness, as the man who killed the decedent. Davis had known both the defendant and the decedent since they were babies. He shook the defendant's hand just before watching him walk down the bar toward the decedent, and saw the defendant pull his gun out and shoot the decedent numerous times, both inside and outside the bar. Additionally, the defendant confessed that he was the one who killed the

4

decedent. Thus, the Commonwealth established that the defendant was "the principal" in the killing of the decedent.

The defendant also possessed a specific intent to kill. The manner in which the decedent was killed – being shot seven times, four of those shots to the back, two perforating his lungs, and some of those shots while he lay on the ground – constitutes circumstantial evidence of malice and a specific intent to kill. The defendant confessed that he saw the decedent was hit, and that he then continued to chase and shoot at the decedent. He emptied his gun. The Commonwealth also presented evidence of the defendant's motive to kill the decedent – the decedent had shot the defendant in the arm in 2009. The Commonwealth thus proffered sufficient evidence to establish that the defendant possessed the specific intent to kill.

### *1(b) Carrying a Firearm Without a License and Carrying a Firearm on Public Streets*

To support a conviction for carrying a firearm without a license, the Commonwealth had to prove beyond a reasonable doubt that the defendant (1) carried a firearm either in a vehicle or concealed on or about his person, (2) that the firearm was in operating condition, (3) that the defendant was not in his home or fixed place of business, and (4) that the defendant did not have a license to carry the firearm. Commonwealth v. Cepeda, 5 Pa. D. & C. 5th 449, 462-63 (Pa.C.P. 2008); 18 Pa.C.S. 6106(a). To support a conviction for carrying a firearm on public streets, the Commonwealth had the burden to establish beyond a reasonable doubt that the defendant (1) carried a firearm, (2) on public streets or public property, (3) in a city of the first class.

A "firearm" is defined at 18 Pa.C.S. § 6102 as: "Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches." The Commonwealth also had to prove that this definition had been met.

5

Commonwealth v. Ray, 751 A.2d 233, 235-36 (Pa.Super. 2000) (regarding 18 Pa.C.S. § 6106); Commonwealth v. Fitzhugh, 520 A.2d 424, 430 (Pa.Super. 1987) (regarding 18 Pa.C.S. § 6108).

Here, the defendant claims that there was insufficient evidence to support his convictions for carrying a firearm without a license and carrying a firearm on public streets because the Commonwealth failed to establish that the defendant (1) was the man who killed the decedent, and (2) possessed or used a firearm, and that, therefore, the Commonwealth presented insufficient evidence at trial to support a guilty verdict for these crimes. As discussed above, the Commonwealth presented sufficient evidence to establish the defendant was the principal in the killing of the decedent. However, the Commonwealth did fail to present any evidence regarding the barrel length of the gun the defendant carried. Philadelphia Police Officer Norman Defields testified that the bullets and cartridge casings found at the scene were .45-caliber and could have been fired from a pistol, revolver, or submachine gun. N.T. 5/15/2013 at 102-03. No possible barrel length of these potential weapons was suggested by his testimony. See Id. Therefore, this Court agrees that the defendant's convictions for carrying a firearm without a license and carrying a firearm on public streets should be reversed.

### 1(c) Possessing Instruments of Crime

To support a conviction for PIC, the Commonwealth must establish that the defendant "possesse[d] any instrument of crime with the intent to employ it criminally." 18 Pa.C.S. § 907(a). An instrument of crime includes: "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(d). "As in any criminal offense . . . intent need not be directly proved, but may be inferred from the circumstances surrounding the incident out of which the charges arise." Commonwealth v. Hardwick, 380 A.2d 1235, 1237 (Pa. 1977). Use of a loaded gun on a victim is sufficient to support a conviction for PIC. Commonwealth v. Santiago, 980 A.2d 659, 662 (Pa.Super. 2009).

6

Here, the defendant claims that the Commonwealth failed to establish that the defendant (1) was the man who killed the decedent, and (2) possessed or used a firearm, and that, therefore, the Commonwealth presented insufficient evidence at trial to support a guilty verdict for PIC. The defendant's claims fail. First, as discussed above, the Commonwealth presented sufficient evidence to establish the defendant killed the decedent. Second, it was unnecessary for the Commonwealth to prove that the defendant possessed a "firearm." The Commonwealth produced evidence that the defendant killed the decedent with an instrument of crime – a gun – and thus presented evidence sufficient to sustain a conviction for PIC.

## 2. The Verdict Was Against the Weight of the Evidence

"One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." Commonwealth v. Widmer, 744 A.2d 745, 753 (Pa. 2000). The trial court should

> grant a new trial when it believes the verdict was against the weight of the evidence and resulted in a miscarriage of justice. Although a new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion, a new trial should be awarded when the jury's verdict is *so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.*

Commonwealth v. Brown, 648 A.2d 1177, 1189 (Pa. 1994) (emphasis in original). A jury's verdict creates such shock in one's sense of justice when the evidence is "tenuous, vague and uncertain." Commonwealth v. Edwards, 582 A.2d 1078, 1083 (Pa.Super. 1990). Trial courts have wide and almost supreme discretion in determining whether a verdict is against the weight of the evidence and shocks one's sense of justice because "the trial judge has had the opportunity to hear and see the evidence presented." Widmer, 744 A.2d at 753.

In his Statement of Matters Complained of Pursuant to Rule of Appellate Procedure 1925(b), the defendant argues that the weight of the evidence presented at trial did not support that

7

(1) the defendant killed the decedent, and (2) the defendant had the specific intent to kill the decedent. But, as discussed above, the evidence was clear and convincing. The jury was free to believe all, some or none of the testimony that was presented at trial, and was in the best position to assess the credibility of each of the witnesses and to determine the reliability of testimony. Therefore, this Court did not err in finding that the verdict was not against the weight of evidence.

Accordingly, for all of the foregoing reasons, the judgments of sentence for the murder and PIC charges should be affirmed.

BY THE COURT:

M. TERESA SARMINA                    J.

8