J-S40032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LEONARD S. JACKSON, | : | |
| | : | |
| Appellant | : | No. 1622 EDA 2015 |

Appeal from the PCRA Order May 15, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0608891-2004

BEFORE:  BOWES, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 22, 2016**

Leonard S. Jackson ("Jackson") appeals the Order dismissing his Petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

The PCRA court set forth the relevant factual and procedural history in its Opinion, which we adopt herein by reference.  **See** PCRA Court Opinion, 12/9/15, at 1-2.

On appeal, Jackson raises the following issue for our review: "Whether trial counsel was ineffective for failing to [file a] Pa.R.Crim.P. 600 motion before the trial court[,] because [Jackson] was tried after 365 days had expired[,] and his right to a speedy trial was violated[?]"  Brief for Appellant at 3.

Jackson contends that he was brought to trial 109 days after the speedy trial limitation period of 365 days had expired, and that his trial

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

counsel was ineffective for failing to file a Pa.R.Crim.P. 600 motion on his behalf. *Id*. at 11. Jackson asserts that, because his arrest warrant was issued on April 7, 2004, his trial should have commenced by April 7, 2005. *Id*. Jackson claims that, because his trial did not commence until July 25, 2005, his right to a trial within 365 days was violated. *Id*. at 11-12 (citing Pa.R.Crim.P. 600(A)(2)). Jackson argues that he did not take any action to delay the commencement of his trial, and that he is a victim of judicial delay. Brief for Appellant at 16-17. Jackson contends that there is no evidence that the delay was beyond the Commonwealth's control. *Id*. at 17. According to Jackson, there was no reasonable basis for trial counsel's inaction, and as a result of counsel's inaction, he has been prejudiced. *Id*. at 20.[2]

In its Opinion, the PCRA court set forth the relevant law, addressed Jackson's issue, and determined that it lacks merit. *See* PCRA Court Opinion, 12/9/15, at 2-4. We agree with the reasoning of the PCRA court and affirm the dismissal of Jackson's Petition on this basis. *See id*.

Order affirmed.

---

[2] In his brief, Jackson also contends that the PCRA court erred by denying his request for an evidentiary hearing. Brief for Appellant at 17, 20. However, this issue was not identified in Jackson's Statement of the Questions Presented, nor did Jackson include a separate argument in his brief regarding this issue. *See* Pa.R.A.P. 2116 (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *see also* Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part … the particular point to be treated therein."). Therefore, we decline to consider this issue.

Judge Mundy joins the memorandum.

Judge Bowes files a concurring memorandum in which Judge Mundy and Judge Musmanno join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CRIMINAL TRIAL DIVISION

FILED

DEC 09 2015

Criminal Appeals Unit
First Judicial District of PA

Commonwealth of Pennsylvania        :
                                    :
v.                                  :        CP-51-CR-0608891-2004
                                    :
                                    :
Leonard Jackson

CP-51-CR-0608891-2004 Comm. v. Jackson, Leonard S.
Opinion



7380039641

Robinson, J.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

Appellant Leonard Jackson was found guilty by a jury on July 28, 2005 of aggravated assault and discharge of a firearm into an occupied structure. On September 23, 2005 this Court sentenced Jackson to a mandatory minimum sentence of five to ten years imprisonment for aggravated assault. Jackson was also sentenced to a concurrent term of one to seven years imprisonment for VUFA.

Jackson, who was at that time represented by Douglas Earl, Esq., filed a direct appeal; that appeal was dismissed by the Pennsylvania Superior Court on September 25, 2006 for failure to file a docketing statement.

Jackson filed a first PCRA Petition following this, and his direct appellate rights were restored by agreement of the Commonwealth. The sole issue raised by Jackson on direct appeal

1

was that the evidence was insufficient to support his convictions. The Pennsylvania Superior Court affirmed Jackson's judgment of sentence on August 3, 2007.

Jackson then filed a second PCRA petition requesting that he be permitted to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. The Commonwealth once again agreed and on October 28, 2009 the Pennsylvania Supreme Court denied Jackson's Petition for Allowance of Appeal.

Jackson filed the instant PCRA Petition on September 16, 2010, claiming ineffective assistance of counsel. Appointed counsel, Elayne Bryn, Esq., filed an Amended Petition raising the sole claim that trial counsel was ineffective for failing to litigate a Rule 600(g) motion immediately prior to trial.

On March 31, 2015, the Commonwealth filed a Motion to Dismiss. This Court dismissed Jackson's PCRA Petition as meritless and this appeal followed.

## DISCUSSION

Jackson's sole claim in his PCRA Petition is that his trial attorney was ineffective for failing to litigate a speedy trial motion pursuant to Pa.R.Crim.P. 600(g). To successfully claim trial counsel ineffectiveness, a petitioner must demonstrate that the issue, argument, or tactic that trial counsel failed to assert or use was of arguable merit and that counsel had no reasonable strategic basis for failing to raise that issue. *Commonwealth v. Pursell,* 495 A.2d 183 (1985). Additionally, a petitioner must show that but for the error or omission, there is a reasonable probability the outcome of the proceedings would have been different. *Commonwealth v. May,* 898 A.2d 559 (2006).

2

Beyond that test, however, courts recognize that claims of ineffectiveness should not be considered in a vacuum, *Commonwealth v. Ray*, 751 A.2d 233 (Pa.Super. 2000) and therefore a petitioner must make some sort of offer of proof, presenting facts upon which a PCRA court could conclude that trial counsel was ineffective. *Commonwealth v. Pettus*, 424 A.2d 1332 (1981).

Here, Jackson asserts, without any supporting evidence or analysis, that trial counsel would have prevailed on a Rule 600(g) motion because he was brought to trial more than 365 days after his arrest. For the purposes of this Opinion, this Court assumes Jackson is correct that April 7, 2004 is the correct date from which to calculate the mechanical run date, resulting in a mechanical run date of April 7, 2005. Pa.R.Crim.P. 600(a)(3).

Beyond that, however, Jackson ignores the fact that courts must also calculate "excludable time", which is attributable to the defense, and "excusable time", which represents periods of delay not attributable to the Commonwealth. Pa.R.Crim.P. 600(c), *Commonwealth v. Ramos*, 936 A.2d 1097 (Pa. Super. 2007).

The Commonwealth identifies several periods of time that it argues should be considered either excludable or excusable. Jackson himself, through counsel in his Amended PCRA Petition, characterizes the months leading up to trial as a period of *court* delay, not Commonwealth delay:

> On February 2, 2005, the court listed the case for trial on April 4, 2005. On April 4, 2005 the court relisted the case for trial on June 30, 2005. On June 30, 2005, the case was relisted for trial on July 25, 2005.

Amended PCRA Petition at paragraph 11. Jackson's characterization of the period between April 4, 2005 and July 25, 2005 as one of court continuances, rather than

3

Commonwealth-requested continuances, is confirmed by the record and establishes that no delay after April 4, 2005 was attributable to the Commonwealth[1]. Judicial delay or court congestion can support the extension of the Rule 600(g) mechanical run date because it is excusable delay. *Commonwealth v. Spence*, 627 A.2d 1077 (Pa. Super. 1996).

The record clearly reflects that the Commonwealth was prepared to bring Jackson to trial on April 4, 2005. Because that dates falls before even the mechanical run date in this case, Jackson's trial counsel would not have prevailed had he litigated a speedy trial motion[2]. For that reason, Jackson has failed to meet his burden under the PCRA and his Petition was properly dismissed.

## CONCLUSION

For the foregoing reasons, this Court respectfully requests that the dismissal of Jackson's PCRA Petition be affirmed.

**BY THE COURT:**

_Pauline K. Robinson_
_____
**ROBINSON, J.**

---

[1] If Jackson has some information, other than what is reflected on the Court's docket, about the reasons for any delay after April 4, 2005, he has failed to present that information to this Court.

[2] This Court notes that the Commonwealth also identifies several other periods of time that could be considered either excludable or excusable time. This Court finds it unnecessary to discuss each of those periods of time because even assuming they are all *not* excludable or excusable, Jackson has still failed to meet his burden under the PCRA.

4