J-A15020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM GARY | |
| Appellant | No. 1576 EDA 2014 |

Appeal from the Judgment of Sentence April 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005530-2013

BEFORE: BOWES, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED JUNE 29, 2015**

Appellant, William Gary, appeals from the April 15, 2014 aggregate judgment of sentence of six-and-one-half to 13 years imprisonment, plus five years' probation, imposed after he was found guilty of one count each of robbery, possession of firearms prohibited, firearms not to be carried without a license, theft by unlawful taking, receiving stolen property, carrying firearms in public in Philadelphia, possession of an instrument of a crime (PIC), terroristic threats, and simple assault.[1] After careful review, we vacate and remand for resentencing.

The trial court summarized the relevant facts of this case as follows.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 6105(a)(1), 6106(a)(1), 3921(a), 3925(a), 6108, 907(a), 2706(a)(1), and 2701(a), respectively.

The complaining witness, Steven Parker, testified that on October 31, 2012, he was robbed at gunpoint by [Appellant]. Mr. Parker stated that on that day, at about nine o'clock in the morning, he was at E&H Pawn Shop "to pay for his old lady's ring." Before going to the pawn shop, he stopped by the cash-checking [sic] place on Broad and Girard and got his check cashed. When he got to the pawn shop, he had over [$600.00] from the cashed check in his pocket.

Mr. Parker testified that altogether, he spent about two hours at the pawn shop where he "paid down" on the ring. He stated that he gave [$100.00] to "J," the owner of the shop. He indicated that [Appellant], too, was at the pawn shop, and that [Appellant] observed Mr. Parker pay on the ring. Mr. Parker positively identified [Appellant] in the courtroom as the person he had seen in the pawn shop.

Mr. Parker stated that at the time he left the pawn shop, [Appellant] was already gone. When Mr. Parker left the shop and started walking up 27th Street, [Appellant] walked right behind him, put a gun to his head, and demanded his money. Mr. Parker testified that [Appellant] threatened to "blow [Mr. Parker's] head off" if he did not give him the money. Mr. Parker said that he cried for help but that there was no one around to help him. [Appellant] grabbed all of Mr. Parker's money and his ID out of his pocket.

Mr. Parker gave a description of [Appellant]'s gun. He stated that it was black in color and looked like an "average police gun."

Mr. Parker said that [Appellant] then fled on foot. He followed [Appellant]. [Appellant], meanwhile, ran down the block and then ran inside someone's house.

Mr. Parker was at the corner of 27th and Cambria when he called [the] police. He stated that

it took the police just a minute to arrive. Mr. Parker said that the police officer suggested that he go to the corner, sit right there, and wait. The police then proceeded to the house which Mr. Parker had pointed out. Shortly thereafter, they brought [Appellant] out of the house. Mr. Parker saw that the police recovered his ID from [Appellant]'s pants pocket. Also in the [Appellant]'s pocket was a paper showing how much money [Mr. Parker] paid every month for his wife's ring.

Trial Court Opinion, 9/11/14 at 3-4 (internal citations omitted).

On May 8, 2013, the Commonwealth filed an information, charging Appellant with the above-mentioned offenses, as well as one count of aggravated assault and recklessly endangering another person (REAP).[2] Appellant proceeded to a bench trial, at the conclusion of which on December 30, 2013, the trial court found Appellant guilty of one count each of robbery, possession of firearms prohibited, firearms not to be carried without a license, theft by unlawful taking, receiving stolen property, carrying firearms in public in Philadelphia, PIC, terroristic threats, and simple assault. The aggravated assault and REAP charges were *nolle prossed*. On April 15, 2014, the trial court imposed an aggregate sentence of six-and-one-half to 13 years imprisonment, plus five years' probation.[3] On April 23,

---

[2] 18 Pa.C.S.A. §§ 2702(a) and 2705, respectively.

[3] Specifically, the trial court sentenced Appellant to six-and-one-half to 13 years' imprisonment for robbery, along with a concurrent five to ten year prison sentence for possession of a firearm prohibited, and a consecutive five-year probationary term for PIC. The trial court imposed no further
*(Footnote Continued Next Page)*

2014, Appellant filed a timely post-sentence motion, which the trial court denied on April 28, 2014.  On May 27, 2014, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises two issues for our review.

> 1.    Was not the evidence insufficient to convict [A]ppellant under sections 6106 and 6108 of the Uniform Firearms Act where the Commonwealth failed to prove an essential element of both offenses, namely, the required barrel length or overall length of the alleged firearm?
>
> 2.    Must not [A]ppellant's sentence be vacated where it was imposed pursuant to a mandatory minimum sentencing statute, 42 Pa.C.S. § 9712 [Sentences for offenses committed with firearms], that has been held unconstitutional, non-severable, and therefore entirely unenforceable by this Court in ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) (*en banc*)?

Appellant's Brief at 3.

Appellant's first issue challenges the sufficiency of the Commonwealth's evidence for two of his firearms convictions.  We begin by

---
*(Footnote Continued)*

penalty on the remaining charges.  In addition, as we discuss *infra*, the trial court relied in part on the mandatory minimum sentence provision at Section 9712 of the Sentencing Code, even though the parties agree the standard range of the guidelines was higher than the mandatory minimum provision. ***See generally*** Trial Court Opinion, 9/11/14 at 3-4 (internal citations omitted).

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925(b).

noting our well-settled standard of review. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, *Patterson v. Pennsylvania*, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" *Id.* (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." *Id.* (citation omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied, Diamond v. Pennsylvania*, 135 S. Ct. 145 (2014).

Instantly, Appellant challenges the sufficiency of the evidence for his convictions for firearms not to be carried without a license, and carrying firearms in public in Philadelphia. Appellant's Brief at 8. The governing statutes for these offenses provide, in relevant part, as follows.

**§ 6106. Firearms not to be carried without a license**

**(a) Offense defined.--**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

…

**§ 6108. Carrying firearms on public streets or public property in Philadelphia**

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. §§ 6106(a)(1), 6108. Furthermore, the Crimes Code defines "firearm" in the following manner.

**§ 6102. Definitions**

Subject to additional definitions contained in subsequent provisions of this subchapter which are

- 6 -

applicable to specific provisions of this subchapter, the following words and phrases, when used in this subchapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

…

**"Firearm."** Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring from the muzzle of the barrel to the face of the closed action, bolt or cylinder, whichever is applicable.

…

*Id.* § 6102.

The parties agree, and our review of the record confirms, that the only evidence admitted to show the barrel length of the weapon used in this case, was from the Parker's testimony, as no actual weapon was ever recovered by the police. On direct examination, Parker testified as follows.

Q:     Why did you say help?

A:     I was robbed.

Q:     Who was robbing you?

A:     [Appellant] robbed me. He had a gun to my head, if you don't give me the money, I'll blow your head off.

Q:     Did you give him money?

A:     No. He went into my pocket. I saw the gun. What would you do? When I --

Q: What did it look like?

A: An average police gun.

Q: What color was it?

A: It was black.

Q: Do you know whether it was a revolver, a semiautomatic?

A: Miss, I don't know what kind of gun it was. It looked like a police gun.

Q: The kind the police carry on their hip?

A: Yes.

N.T., 12/30/13, at 25-26.

The Commonwealth relies on our decision in **Commonwealth v. Rozplochi**, 561 A.2d 25 (Pa. Super. 1989), *appeal denied*, 571 A.2d 381 (Pa. 1989). In **Rozplochi**, we discussed Section 6102's definition of a firearm and the proof of barrel length as follows.

> Appellant next argues that counsel was ineffective for failing to contest the sufficiency of the evidence of the crime of former convict not to own firearm. Section 6105 of the Crimes Code provides, "No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control." Section 6102 of the Crimes Code defines "firearm" as "[a]ny pistol or revolver with a barrel less than 12 inches, any shotgun with a barrel less than 24 inches, or any rifle with a barrel less than 15 inches." The barrel length specified by section 6102 is an essential element of the offense proscribed by section 6105. **Commonwealth v. Todd**, 384 A.2d 1215 (Pa. 1978). Appellant

- 8 -

contends that the judge that convicted him could not have found that this element had been established beyond a reasonable doubt. We do not agree.

…

At the robbery trial, Ms. Cavaliere testified that appellant initially concealed the weapon inside a manila envelope. She described the envelope as "about this high" and "not too wide". Although the record before us does not reveal the length of the envelope, the judge would have been able to estimate this length by observing Ms. Cavaliere's hand motions when she described the envelope as "about this high". The judge could then have concluded that the length of the gun barrel was less than the length of the envelope. In addition, the judge also heard Ms. DeJesse testify at the robbery trial that appellant's weapon was a "*small* black gun" (emphasis added).

In **Commonwealth v. Jennings**, 427 A.2d 231 (Pa. Super. 1981), we found that counsel was not ineffective for failing to seek an arrest of judgment following a conviction under section 6105 where the jury observed the gun in question and was properly instructed as to the statutory gun barrel length requirement. Under such circumstances, we presumed that the defendant's weapon had a barrel length of under 12 inches in the absence of any evidence to the contrary. Therefore, we reasoned that a challenge by counsel based upon barrel length would not have had arguable merit. This reasoning applies with equal force to the case sub judice. Although the finder of fact did not observe the gun itself, the finder of fact observed a witness who indicated the dimensions of the envelope in which the gun was contained. The finder of fact was a judge and as such is presumed to know the law. **See Commonwealth v. Hunter**, 554 A.2d 550, 558 (Pa. Super. 1989). Moreover, none of the evidence of record indicates that the gun had an exceptionally long barrel length and appellant has never offered to come forward with any evidence which would show

> that the gun was not a firearm. We find that this sufficiency claim is without arguable merit and that the trial counsel was not ineffective for failing to argue this issue.

*Id.* at 31-32.[5]

As noted above, in ***Rozplochi***, the evidence was sufficient because the witness was able to use an envelope for the specific purpose of explaining the dimensions of the gun, which the factfinder was able to see, perhaps even measure. Although Parker did not use an envelope or other object to explain the approximate dimensions, in our view, his elaboration that it was similar to guns that police officers typically carry on their hip was sufficient for the trial court, as the factfinder to make a reasonable inference regarding its barrel length. Based on these considerations, we conclude the Commonwealth provided sufficient evidence to prove beyond a reasonable doubt that the barrel length of the gun was less than 15 inches.

In Appellant's second issue, he avers that that trial court erred in applying the mandatory minimum provision at Section 9712 of the Sentencing Code. Appellant's Brief at 11-12. Section 9712 reads as follows.

> **§ 9712. Sentences for offenses committed with firearms**
>
> **(a) Mandatory sentence.--**Except as provided under section 9716 (relating to two or more

---

[5] We note that Section 6105 has since been amended to include its own special definition of "firearm." We only discuss ***Rozplochi*** for the purposes of the definition of "firearm" in the context of Section 6102.

mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

**(b) Proof at sentencing.--**Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

…

42 Pa.C.S.A. § 9712. Appellant relies heavily on this Court's decision in

*Newman*. A previous panel of this Court summarized *Newman*'s analysis

and conclusion as follows.

> The *Newman* Court first concluded that the defendant's sentence was illegal in light of *Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013)] and required this Court to vacate and remand for resentencing. *Id.* at 98. However, this Court noted that *Alleyne* issues are subject to harmless error

- 11 -

> analysis, but nevertheless concluded that the *Alleyne* issue in *Newman* was not harmless. *Id.* at 98-100. … Finally, this Court rejected the Commonwealth's argument that, if the error was not harmless, the appropriate remedy would be to remand to the trial court to empanel a second sentencing jury. Specifically, in rejecting this argument, the *Newman* Court concluded that Section 9712.1 in its entirety must be struck down as unconstitutional in light of *Alleyne*, concluding that its subsections were not severable. … *Id.* at 102.

*Commonwealth v. Cardwell*, 105 A.3d 748, 752-753 (Pa. Super. 2014) (footnotes omitted). Subsequent to *Newman*, the statute at issue here, Section 9712, was also declared unconstitutional on its face by this Court. *Commonwealth v. Valentine*, 101 A.3d 801, 811 (Pa. Super. 2014). Recently, our Supreme Court agreed with *Newman* and *Valentine*'s conclusions. *See Commonwealth v. Hopkins*, --- A.3d ---, 2015 WL ------- (Pa. 2015) (slip op. at 2, 19, 22, 23) (concluding that 18 Pa.C.S.A. § 6317 is facially unconstitutional because its various subsections could not be severed from each other under 1 Pa.C.S.A. § 1925). As a result, there is no set of circumstances in which the statute can be constitutionally applied.[6] *See generally United States v. Salerno*, 481 U.S. 739, 745 (1987);

---

[6] Although Appellant was convicted at a bench trial, this Court has recently pointed out that "under the Due Process Clause, [a defendant is] still entitled to have the extra element of the aggravated offense found by the factfinder beyond a reasonable doubt pursuant to *Alleyne* and *In re Winship*, 397 U.S. 358 (1970)." *Commonwealth v. Fennell*, 105 A.3d 13, 17 (Pa. Super. 2014), *citing Alleyne*, *supra* at 2156.

*accord Commonwealth v. McKown*, 79 A.3d 678, 687 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014).

The trial court acknowledges that Section 9712 was applied to Appellant. Trial Court Opinion, 9/11/14, at 17-22. However, the Commonwealth argues that the statute was not applied to Appellant. Commonwealth's Brief at 7. This assertion is belied by the record. At sentencing, the Commonwealth told the trial court that a mandatory minimum sentence was before it for its consideration, specifically a mandatory minimum of five to ten years' imprisonment. N.T., 4/15/14, at 8. The trial court even asked defense counsel if the mandatory minimum applied in this case. *Id.* at 6.

We acknowledge that the standard range of the sentencing guidelines was higher than the five-year mandatory minimum. *Id.* at 3. Although *Newman* correctly stated that *Alleyne* errors are subject to harmless error analysis, this Court has not opined as to whether *Newman* errors can be harmless as well.

Even if we were to hold that a *Newman* error is subject to harmless error analysis, we would conclude that it was not harmless in this case. Here, the trial court repeatedly acknowledges that the mandatory minimum played some role in its sentencing determination. Trial Court Opinion, 9/11/14, at 17-22. The Commonwealth recommended seven to 14 years' imprisonment to cover all charges. N.T., 4/15/14, at 8. However, the trial

court noted that it **was** generally inclined to sentence Appellant lower than that, because Appellant had waived his right to a jury trial. ***Id.*** at 11. Nevertheless, the trial court imposed a sentence of six and one-half years' imprisonment. Further, the trial court has not clearly stated what weight was given to the Section 9712 fact, or what sentence it would have imposed in the absence of the mandatory minimum. For these reasons, we cannot conclude that the ***Newman*** error in this case was harmless beyond a reasonable doubt. ***See generally Commonwealth v. Green***, 76 A.3d 575, 582 (Pa. Super. 2013) (stating, "an error is harmless only if we are convinced beyond a reasonable doubt that there is no reasonable possibility that the error could have contributed to the verdict … [and t]he Commonwealth bears the burden of establishing the harmlessness of the error[]"), *appeal denied*, 87 A.3d 318 (Pa. 2014).

Based on the foregoing, we conclude the Commonwealth presented sufficient evidence for firearms not to be carried without a license and carrying firearms in public in Philadelphia. However, we further conclude the trial court imposed an illegal sentence when it applied Section 9712 to Appellant. Accordingly, the trial court's April 15, 2014 judgment of sentence is vacated, and the case is remanded for resentencing, without consideration of the mandatory minimum provision, consistent with this memorandum.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2015